If it pleases the Court, Your Honors, my name is Andrew Sandroni. I represent Dr. Pol, the appellant in this matter. And I would like to start with a little background, if possible. Dr. Pol is a research scientist and in 2000, he, as we stated, got together with some businessmen and attorneys and formed a company called Novactyl. The purpose of this company was to get FDA approval for certain drugs and procedures that would rely on certain of his patents. And things didn't work out that well. They spent all the money before the FDA approval was had. He had some objections to some of the science that was going on, voiced those concerns. That matter was settled, and the company went bankrupt. This matter was filed shortly thereafter with multiple counts of fraud and deceit, which my client then answered. He was represented by different counsel at that time, and they filed several answers. They filed amended complaints, followed. There were motions to dismiss. There was aggressive settlement negotiations going on throughout this time, and during those settlement negotiations, his motion to dismiss was withdrawn. Those settlement negotiations failed. His lawyers withdrew. There were discovery requests filed that were not answered. The plaintiffs filed a motion for sanctions or to enforce the settlement. My client at the time was unrepresented and then went through several different counsel, failed to answer in a timely fashion, and his pleadings were struck. This appeal followed based upon the lower court's abuse of its discretion in choosing the most draconian punishment possible for his lack of communication with the court. By striking his pleadings, they took away his ability to defend everything, including whether or not the matter had been timely filed, whether or not any fraud had been committed, the truth of any of the allegations. And this Court has, on several occasions, addressed the lower court's discretion in these matters. The law is abundantly clear that the lower court has the discretion to take such drastic action. If it has, indeed, requested review of all the possible lesser penalties available to it and makes a ruling accordingly, this Court does not require that that be done in writing, step by step, that the court did this, then the court told him this, then the court told him that, and then finally struck his pleadings. But it does require a review of the record that would indicate that that's what happened. I submit that a review of the record here indicates that the judge was not happy with Dr. Pohl, the judge that was not happy with the fact that the – his order to show cause had to sit while he hired one lawyer, and that lawyer asked for time, then withdrew, then he hired myself, I asked for some time, was granted it, and then he withdrew,  I filed timely, was unable to convince the court that it should not go through with that, and we came here. The – Roberts, I think your last filing more in the character of a reconsideration as opposed to addressing the issues that the judge was interested in determining at that stage. In essence, another obviation of what the judge wanted to see happen in terms of moving this case forward, another failure on the plaintiff to honor court obligations to honor court orders. Apparently, it was, Your Honor, because that was the ruling. I don't believe it was. I thought I answered the underlying questions that I thought were important at the time. I did not have an opportunity to thoroughly investigate the underlying record. It was already substantial and didn't raise the statute of limitations issue at that time, but if this court were to find that the discretion was in abuse of discretion in this case, and we ask that that be the ruling, then a remand back to the district court would allow a refiling of the motion to dismiss which had been withdrawn. That's what I was – I was unaware that it was no longer pending, and allow the court to review those issues and allow my client to answer. By striking his pleadings, you took away – the court took away his ability to affirmatively respond, but it did not take away his ability to cross-examine or question the damages. This case, in this order, the judge issued an order with damages that exceed the request in the prayer. The original pleadings requested only money damages from the – from the defendant. Even the amended petition didn't include the transfer of – of patents that were later discovered, although later discovered is an issue. They were all done while he worked for the company, and they were all of public record, and there was a newsletter that went out. But again, without any pleadings to argue that that's not before this – this tribunal, the – But the general damages were some certain based, as I understand it, and you can correct me if I've got this wrong, based upon what was pled in terms of the investment amounts by the – the parties into the corporation and then pre-judgment interest of some certain easily calculable on the record. So it's not that we're dealing with something that would take extensive fact-finding, and the court can rely upon well-pled pleadings, and at the point in time that we're distressing now, all that they had – all he had was the amended complaint. Absolutely. And that would – that would, if you assume those pleadings, as you must have instructing answers, if you assume those pleadings to be true, then the numbers in them are what the court would have used to – to formulate its damages. But the punitive damages go well beyond that and would have – and should have required a hearing, although there are – there is a case that says a hearing is not required if the judge is sufficiently appraised of the situation. But in this particular case, I believe that a hearing on punitive damages should have been heard if he was which were never part of the prayer, come completely – never part of the pleadings or anything, that they ask that those patents be transferred from one company to another, I believe exceeded the scope of the pleadings and any type of judgment that would have been had on the record. But in any event, if that – even if that's true, what's Dr. Pohl standing to address the transfer of patents for two other legal entities, Novactyl and Metroproteomics, which I know I've just butchered, but – Metalloproteometrics. Yeah, those two companies. What's his basis or his standing to do that when you've got other legal entities that are not privy or not taking a role themselves? I don't believe that he has – you know, he has standing in that he could – he is a member of the LLC, Metalloproteometrics, proteomics, whatever. He is a member of that LLC, and he could have, depending on the outcome of this appeal, would be able to raise that issue. He's an officer of the LLC, or is he the LLC? I don't know how – A partnership. It's an LLC, and I know that he's – Corporation. And what possible standing could a single member of a board have to represent the company? He wouldn't, Your Honor. Okay. So it's illustrative of the fact that the – Did you go back to the district court to tell him that he shouldn't have issued the – the punitives without a hearing and he should not have ordered the transfer of the patents? No, Your Honor, I did not. Okay. So actually, effectively, counsel, none of this has ever been raised to the district court. So if you haven't raised it before the district court, it's all got to be here on plain error, doesn't it? Yes, Your Honor. Okay. So what's the plain error in the award of punitive damages? There's nothing in the record to substantiate them. Okay. But there are two times the – the damages that were pled, and two times is well within the due process considerations that the Supreme Court has expressed in BMW v. Gore and other cases. So what's the problem? Where's the plain error? Again, Your Honor, I believe the law requires – the case law requires that for punitive damages, there has to be some record to support them. And there is absolutely no record that would support punitive damages. There's been no testimony. There's been no affidavit. There's been no anything. A constitutional argument? Are you making a procedural argument? I'm making a procedural argument, Your Honor. But there's no – and yet you never told the district court that it was – it wasn't following proper procedures? No, Your Honor, I did not. At the time that the district court issued its order, we turned around and filed the appeal. Okay. So why hasn't – so why – you can waive procedural problems. You can waive constitutional error, procedural or substantive. So why haven't you just waived it? You didn't raise any of this to the district court. You came here instead. So you have to come here on a plain error. What – where's the plain error? Well, Your Honor, the only way to have – to have raised any of this with the district court would have been through a motion for rehearing. On a motion to – that was already ruled, the plain error is in effect. From the district court's perspective, counsel, your client – and I realize you were not counsel during all of this – your client didn't have a very good track record with the district court, didn't have a very good track record of responding, didn't have a good track record of, you know, following deadlines and so on. So, you know, I don't know why the district court is under an obligation to – why it's plain error for the district court not to have held a hearing when he's going to issue effectively a default judgment. At the time, Your Honor, these – the plaintiff – the defendant was represented by counsel. I had entered my appearance. I had filed a pleading and was actually awaiting a hearing at the time the judge issued his order. I was under the impression that we would have a physical hearing on the matter. But there was no – no testimony, no evidence, and there's nothing in the record, there's nothing in the pleadings that would justify punitive damages or going outside the prayer for the – I thought – I thought the part of the pleading was that your client had gone back to the PTO and had deliberately testified against the patents he had previously filed. Once you – once the district court orders judgment, hasn't it effectively honored those findings? In which case, wouldn't that support punitive damages? No, Your Honor. There was – there was nothing in the – in the record that anything of the – that those actions were unwarranted or punitive or malicious in nature that would warrant punitive damages. If my client had – the striking of his pleadings made it impossible to respond to any allegations, and therefore – Right. This whole thing ends up looking – it has the effect of being a default judgment. In a default judgment, you end – your client ends up conceding the pleadings by – by the plaintiffs. And that, I believe, is what makes it an abuse of discretion to obstruct the pleadings in this situation in a – in a case that was clearly very complex and very contentious. But you haven't raised that argument, counsel. You haven't argued that it was an abuse to – abuse of discretion for the district court to strike those pleadings. I have argued –  I believe it is, Your Honor. It was an abuse of discretion to strike his pleadings and issue an order. You argue that it was – it was an abuse to award damages without taking the evidence. Yes, I did. Striking the pleadings is very different from not holding a hearing on the damages to be awarded once you've struck the pleadings and are going to award judgment. Yes, Your Honor. But there – at this point, there would be one in the same, that the end result is that there's no evidence to support the underlying – there's no evidence in the pleadings that would support the underlying – or the judgment that the district court rendered in this matter. Okay. You're down to 30 seconds, counsel. I don't know if you want to reserve any time for rebuttal. I will reserve the last bit. Thank you. May it please the Court, Stephen Lincoln representing Appellee's Daniel O'Connell et al. I'd like to respond to a couple of the points that were raised by Appellant's counsel, but first I'd be happy to answer any questions the Court may have. Were you the counsel below? I was not. I'm co-counsel for the appeal, for the argument in particular. Can you just help me at what point Paul was represented by counsel on the record here? He was represented by counsel at varying times, but it seems that at each juncture either counsel filed a motion to withdraw or he actually in one instance sent a communication to the court, essentially firing his lawyer, I believe the one prior to Mr. Sandroni. So he did have counsel and participated initially in the case, but after it passed the initial settlement conference point, he went through a series of either of them. When did Mr. Sandroni come in, then? I believe at the very tail end of the court, after judgment on the pleadings had been entered. After the judgment on the pleadings. And they were just awaiting a motion for entry at final judgment. I believe that there could have been a Rule 59 motion or something like that made. It could have been, but he was not at the time. I believe at the time the motion for sanctions were made and at the time the motion for judgment on the pleadings were made, he was not represented by counsel. He was contacted by the court. They went to, I believe, the record will show extraordinary measures to try to contact him apprised of the hearings without any response from the defendant. And indeed there were a couple continuances of these ultimate hearings to allow for counsel to intervene.  Please continue, Counselor. Certainly. Addressing the statute of limitations argument, I believe it's clear from the record that once the pleadings were struck, I believe the only place that the statute of limitations argument was raised was in the initial motion to dismiss, which was withdrawn, and then the second motion to dismiss, which was struck as part of the ruling on the motion for sanctions. From then on, that argument was never raised. It wasn't even raised by Mr. Sandroni at his title of motion for reconsideration. And our position would be that despite several junctures in which it could have been raised, conceivably could have been raised again, it wasn't and therefore should be waived. With regard to the damages issues, I think the Court has directly indicated that this is a plain-error standard, and because the facts as pled by the plaintiffs were determined, were found to be true by the Court, I think it's fair to say that the Court, including the very particular request for damages, as well as the request for punitive damages, the Court properly entered damages in both of those amounts. Counsel has suggested perhaps that there wasn't sufficient specificity in the pleadings for punitive damages or for the award of punitive damages. That's the ownership of the patents. But, of course, in well-pled pleading, counsel has requested other relief that might be just and proper, and I think that encompasses the request for further, the award of both of those types of damages. The amended complaint did contain several counts that were for fraud or sounded in fraud, misrepresentation, all of which could be the basis for punitive damages, and I think that establishes the nexus for that as well to the underlying causes of action. Finally, on a separate point of waiver, the defendant in his title motion for reconsideration did not object to the form of judgment at all. It was not and that we agree that we would suggest that that's waived as well. With regard to the patents themselves, the Court found that the Court determined to void the reversionary rights to the patents such that they would be retained by nuvactil. Those rights and the reversionary right that was apparently in the assignment that was initially made from Dr. Pohl to nuvactil really goes to the heart of the fraud in this case, and I think that further establishes the nexus to that award. If you have nothing else, counsel, thank you very much. Thank you, Your Honors. Mr. Sandroni. My only point on rebuttal, Your Honors, would be as to the fraud and punitive damages, there is no – the assignments complained of were a matter of public record and known to the officers and directors of the corporation at the time. And I know that when the pleadings were struck and everything, that those answers are now, I guess, null and void. So unless you have any questions concerning any other matters, that's all I have. Thank you. Thank you. Thank you, counsel, for the argument. The case is submitted.
judges: Battaglia, Schroeder, Bybee